IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) Civ. No. 16-00674 LEK-KSC ) ) |
| Plaintiff, | ) ORDER DISMISSING ACTION AND ) DENYING MOTION TO SERVE |
| vs. | ) COMPLAINT ) |
| SCOTT JINBO, et al., | ) ) |
| Defendants. | ) ) |

## ORDER DISMISSING ACTION AND DENYING MOTION TO SERVE COMPLAINT

On December 27, 2016, pro se Plaintiff Francis Grandinetti filed a prisoner civil rights Complaint naming twenty-four Defendants. Grandinetti is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. On January 12, 2017, Grandinetti filed a "Motion on Service of Complaint."

Grandinetti has not paid the $400.00 filing and administrative fees to commence this action or filed an Application to Proceed In Forma Pauperis ("IFP"). The court dismisses this action and denies the Motion.

I. **Three Strikes Provision of 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment IFP if he has had three or more federal actions dismissed as frivolous, malicious, or for failure to state a claim while he was incarcerated.  28 U.S.C. § 1915(g).  The only exception to this rule is if "the prisoner is under imminent danger of serious physical injury."  *Id.*

Section "1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the [former] action was dismissed because it was frivolous, malicious or failed to state a claim."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[T]he district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike."  *Id.* at 1120.

Grandinetti has accrued at least three strikes pursuant to 28 U.S.C. § 1915(g),[1] has been notified of these strikes, and notified that he may not proceed without complete concurrent prepayment of the civil filing fees unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II.  **IMMINENT DANGER**

The imminent danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Id.* at 1053. Claims of imminent danger of serious physical injury cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LK (D. Haw. 2005). *See* http://pacer.psc.uscourts.gov.

F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Grandinetti's Complaint sets forth no allegations, facts, or claims, and fails to explain Defendants' connection to this matter.  Grandinetti's Motion claims Defendants stole or refused to return thousands of receipts for his requests and grievances and are also denying him grievances.  Even liberally construed, these "pleadings" fail to make a credible or coherent allegation that Grandinetti was in imminent danger of serious physical injury when he commenced this action.

The court has also carefully reviewed Grandinetti's exhibits.  These letters and Inmate and Medical Requests involve claims that Grandinetti: (1) is not allowed to participate in programs required for early release or housing in the general population;[2] (2) did not receive various items on his food tray on one occasion; (3) is called names by guards and inmates;

---

[2] Grandinetti recently filed suit alleging SCC officials were trying to force him to participate in such programs and he was *refusing* to do so, contradicting his exhibits here.  *See Grandinetti v. Alexander*, 1:16-cv-00470 LEK-KSC (D. Haw. 2016).

(4) has difficulty getting grievances; (5) did not receive replies to his medical requests between December 12, 2016, and January 3, 2017; and (6) was told to submit Medical Requests and grievances to SCC staff.[3]

These exhibits do not support a finding that Grandinetti was in imminent danger of serious injury when he filed the Complaint.  Moreover, Grandinetti fails to explain why venue for his claims, which apparently concern events that allegedly occurred in Arizona, is proper in the District of Hawaii.  *See* 28 U.S.C. § 1391(b).

Grandinetti has not made a credible or coherent allegation that he is in imminent danger of serious physical injury.

---

[3] One exhibit mentions Grandinetti's discusion with a nurse about his "hernia and phyma," broken right thumb, torn left shoulder, and past due HIV labs.  Compl., ECF No. 1, PageId #4.  Grandinetti has raised these issues since at least 2008.  *See, e.g.*, *Grandinetti v. Stampfle*, 1:16-cv-00436 JMS-RLP, ECF No. 1, PageID #3-7 (holding that he had received responses to his requests for care).  He does not state that he was denied care, but seems to raise these past injuries to show why he cannot participate in special programs.

### III. CONCLUSION

(1) Grandinetti's Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).  If he reasserts these claims in a new action, he must prepay the civil filing fees.

(2) Grandinetti's Motion on Service of Complaint is DENIED.

(3)  The Clerk is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, January 18, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Grandinetti v. Jinbo, 1:16-cv-00647 LEK-KSC; 3 stks 2017